Parker, C. J.
Elizabeth Grouch, in whose right the present action is sued, is the daughter of Joseph Skinner, who died seised of the demanded premises, in the year 1775. Immediately on his decease, the demandants entered and became seised, and continued *278 so seised until the year 1785. The original action having been brought in 1813, they must recover, unless their title is disproved by the tenant.
It was in evidence that, at the time of the death of the said Joseph Skinner, he left a son, also named Joseph, who has not been heard of directly since the year 1777; but the tenant offered to prove that he was living since that period, and that, when he died, he left two children, who inherit two third-parts of the estate in question.
The evidence offered in support of this fact was rejected by the judge ; and the question now is, whether it ought to have been admitted. It consisted of a letter, purporting to have been written by Charlotte Skinner, widow of Dr. Joseph Skinner, the said brother of the demandant, Elizabeth, dated at-, in England, the 21st of May, 1795 ; in which she speaks of the death of her husband, and of the existence of children by him ; — of the testimony of a Dr. Wood, respecting a letter which he saw from the said Dr. Skinner, in which he mentioned his marriage and his children ;—and of a reputation in the vicinity, that Dr. Skinner had died * in England, leaving children. Dr. W'ood would also have testified that he had received a letter from the said Charlotte, complaining of her destitute condition, and requesting that the property (if any) might be procured for her children. The tenant also offered to prove that Martha Skinner, mother of the said Elizabeth, when she was about making her will, spoke of having grandchildren in England.
Whether this evidence, or any portion of it, would be admissible in a suit against the demandants, by persons claiming to be the heirs at law of Dr. Skinner, we do not decide ; as such a suit may hereafter be brought, if the supposed children of Dr. Skinner are living, and are not barred of their inheritance by reason of their being aliens.
But we are very clear that the evidence was totally incompetent to maintain the defence for the tenant; for he claims no title under the absent children ; and to be able to resist the title of Elizabeth Crouch, who is their heir, if they are dead without issue, and who has a right to the whole estate as heir to her brother,, if his children could not inherit, the tenant ought to prove the actual existence of such children by the best evidence the nature of the case will admit of. He should show the marriage of Dr. Skinner by the record, or that there were no records, or, if any, that they have been lost, before he can be admitted to proof of so loose a char acter as that which he offered at the trial.
The cases in which hearsay, declarations of parties, and reputa *279 tian, have been allowed in evidence, are where no better evidence can be supposed to exist. But, in the case before us, it does not appear that any means have been used to obtain the evidence which ordinarily accompanies facts like those which the tenant would wish to establish.
With respect to the death of Dr. Skinner, which the jury were permitted to presume took place before the commencement of the suit, we see no reason for setting aside the verdict on this ground. It is agreed that he is now dead, and no one pretends to have heard from him since the year 1790. Five years have elapsed since the original suit was * commenced, during all which time the tenant might have traced him out, and brought proof of his being alive, if he was so. He cannot defend his possession, being entirely without proof, merely by the possibility that another is living who has a title to a part of the land demanded. Elizabeth Crouch has a lawful title to the possession, and to hold it, until her brother or his heirs, or some one claiming lawfully under him or them, shall demand it of her. (a)

Judgment on the verdict.

Prescott and Hoar for the demandants.
Bigelow and Hosmer for the tenant.

 Vide Doe, Dem. Oldham & Ux., vs. Wolley, 8 B. & Cr. 22.— Law Journ. K b. vol. 6, p. 286. — Matthews on Presump. Ev. 280, 283. — Doe, ex Dem. Banning, vs. Griffing, 15 East, 293. — Richards vs. Richards, Ford. Mss. Ibid. cit. — “In ejectment, lessor of plaintiff claimed as heir by descent, and showed the death of his elder brothers, but not that they died without issue. Curia. This must likewise be proved. The plaintiff must remove every possibility of title in another person before he can recover, no presumption being admitted against the person in possession.” — In Oldham vs. Wolley, ubi sup., it was held that, after the lapse of a century, the death of an absent party not heard of, without issue, might be presumed. — Coventry, Ev 287. — Roe vs. Hosland, 1 Black. 404. — Doe vs. Jason, 6 East, 80, Peake, Ev. p. 570