## COUNTY OF PISCATAQUIS.

### GOULD versus SMITH.

Hearsay is never admissible, if from the nature of the case it is apparent that better evidence is attainable.

On EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding. DOWER.

In order to show that the husband was dead, the demandant offered evidence that "the news of his death at *Niagara falls*, was received in the fall of 1849, by his family, in a newspaper published at Lawrence, Massachusetts, called the Lawrence Courier." This was objected to, but was admitted as "*inducement* to evidence of reputation of the death in his family."

The demandant then offered what purported to be the said newspaper, which was objected to, but admitted as *inducement*. It was dated Sept. 15, 1849, and contained the following paragraph : — "James Gould, a millwright by trade, belonging in Brownville, Maine, and lately residing in Dover, N. H., and, we believe, also for a short time in this town, was killed by the falling of a block of timber on his head at Niagara falls, on the 27th day of August. We give this information at the instance of a gentleman in this town, who was at the falls at the time of the accident, and to apprise the friends of the deceased of his melancholy end."

The demandant also offered the testimony of Mr. Jenks, postmaster of Brownville, that, by request of the family, he wrote to the postmaster at Niagara falls, inquiring about the death of the said James Gould, and received a letter purporting to be from the postmaster last named, stating the facts and circumstances of his death very much as related in said newspaper. The letter was not offered.

This evidence of Mr. Jenks was objected to, but was admitted. There was further evidence in the case.

The verdict was for the demandant.   To the admission of the evidence, the tenant excepted.

*Sanborn*, for the tenant.

The newspaper paragraph was but hearsay.  Nothing shows that it was inserted by any one having knowledge of the death. 1 Greenl. on Ev. § 128, 136, 137.

The testimony of Jenks was inadmissible, because it was mere hearsay, and because it was a mere verbal detail of the contents of a written paper, which was not offered; and which, if offered, should have been excluded, because there was no testimony to prove its genuineness.   Greenl. Ev. § 142.   For the same reason the newspaper should have been excluded. *Wentworth* v. *Keizer*, 33 Maine, 367 ; *Morton* v. *Barrett*, 19 Maine, 109.

If the record of a Court is not *prima facie* evidence of its genuineness, then surely the letter and newspaper could not be.

If Gould was dead, better evidence of the fact must have been attainable.   *Crouch* v. *Eveleth*, 15 Mass. 305.

*S. A. Blake*, for the demandant.

It is apparent that the evidence objected to was admitted merely as inducement to the other testimony, which of itself showed that the family considered the husband dead.   The admission then was within the discretion of the Judge.   *Cochrane* v. *Libbey*, 18 Maine, 41 ; *Morton* v. *Barrett*, 19 Maine, 109.

The death of a person may be presumed from his absence for a period less than seven years, if intelligence has been received from him of a kind calculated to lead the mind to such a conclusion.   1 Greenl. Ev. (3d ed.) note to p. 107 ; 2 B. & Ald. 385.

So, where there has been no intelligence, the death may be inferred from the lapse of less than seven years, if other circumstances concur.   1 Greenl. Ev. § 41.

At the trial no question was made of the *genuineness* of the newspaper, or of the *truthfulness* of the postmaster's correspondence.

And why were not the newspaper announcement and cor-

respondence properly admissible, as facts calculated, in connection with his long absence and the dangerous business of building a bridge across the St. Lawrence, to illustrate and explain his absence, and to give a character to that absence, more or less tending to satisfy the mind, whether he was dead or alive?

Rice, J. — Hearsay, as a general rule, is not evidence. To this rule, however, there are exceptions, under which to prevent an entire failure of justice ; and when no better evidence can be supposed to exist, it is admitted. *Crouch* v. *Eveleth*, 15 Mass. 305. But when, from the nature of the testimony offered, it is manifest that better evidence exists and is accessible, it is not admissible. *Jackson* v. *Esty*, 5 Cow. 319. It was held by this Court, in *Morton* v. *Barrett*, 19 Maine, 109, that the certificate of a consul of the death of an individual abroad, is not evidence of that fact. The letter of the postmaster at Niagara falls, if it had been introduced, would have shown the existence of better accessible evidence of the death of Gould, and was, even if proved genuine, not more satisfactory than a consular certificate. But the letter itself was not introduced. Proof of its contents was still more remote, uncertain and inconclusive.

The newspaper paragraph was *hearsay* upon *hearsay*, and although both were introduced as *inducement*, they were calculated to influence the jury upon a point, to prove which they were not admissible. *Exceptions sustained*
*and new trial granted.*